United States District Court
Southern District of Texas
**ENTERED**
January 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LATASHA JONES, §
(BOP # 51790-510), §
§
*Petitioner*, §
§
vs. §    CIVIL ACTION NO. H-24-2982
§
TANISHA HALL, Warden of FPC §
Bryan, §
§
§
*Respondent*. §

## <u>MEMORANDUM OPINION AND ORDER</u>

Federal inmate LaTasha Jones, (BOP # 51790-510), proceeding *pro se*, filed

an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 6).

That petition appears to challenge the way the Bureau of Prisons (BOP) is applying

her First Step Act (FSA) credits to her sentence and the way it is applying time under

a state-court detainer against her federal and state sentences. (*Id.*). The Court

ordered Warden Hall to answer the petition, (Dkt. 8), and Warden Hall responded

with a motion to dismiss and/or for summary judgment, supported by authenticated

records. (Dkt. 12). Jones did not file a response, and her time to do so has now

expired. Having reviewed the amended petition, the motion, all matters of record,

and the law, the Court grants Warden Hall's motion and dismisses Jones's petition.

The reasons are explained below.

## I.   BACKGROUND

In May 2023, Jones pleaded guilty to a charge of conspiracy to possess with intent to distribute a controlled substance, namely methamphetamine. (Dkt. 12-1, p. 2). In September 2023, the court sentenced her to 46 months' incarceration followed by three years' supervised release. (*Id.* at 3). The court ordered that Jones's federal sentence be served consecutively to any future sentence imposed in Jones's then-pending parole revocation proceedings in a State of Texas criminal case. (*Id.*).

On August 9, 2024, Jones filed a § 2241 petition, alleging that her federal sentence was being administered improperly. (Dkt. 1). Construed liberally, Jones's petition alleged that she had earned sufficient credits under the FSA to be released to a halfway house but that she was being denied release due to a lack of bed space at any such facility. (*Id.* at 2). She requested that the Court order her immediate release to either a halfway house or home confinement. (*Id.* at 3).

Jones's petition was not on the form approved for such petitions, and it did not include all the information required by the approved form. Therefore, the Court ordered her to file an amended petition on the approved form. (Dkt. 4). In addition, Jones had failed to pay the applicable filing fee, and the Court ordered her to either pay the filing fee or file a properly supported motion to proceed *in forma pauperis.* (*Id.*). The Court provided Jones with the necessary forms to comply with its order. (*Id.*).

2/13

On September 6, 2024, Jones filed her amended petition, raising two claims.[1] (Dkt. 6). In her first claim, Jones states that she is challenging her "FSA calculation" based on a "public data sheet." (*Id.* at 6). In her second claim, she states that she is challenging a "detainer," and she refers the Court to "Exhibit A Detainer Action Letter." (*Id.*). Despite the reference to an exhibit, there are no documents attached to Jones's petition. As relief, Jones asks for the detainer to be ordered to run concurrently with her federal time. (*Id.* at 7). She also asks the Court to "take off 172 days for jail time without FSA." (*Id.*).

After initial review, the Court ordered Warden Hall to answer Jones's amended petition. (Dkt. 8). Warden Hall answered with a motion to dismiss and/or for summary judgment, and she supported the motion with authenticated exhibits. (Dkt. 12). In the motion, Warden Hall contends that Jones's petition should be dismissed because it fails to state a claim. (*Id.* at 7-10). In the alternative, Warden Hall contends that she is entitled to summary judgment because the undisputed summary judgment evidence shows that Jones is not entitled to relief. (*Id.* at 10-12). Jones has not filed a response to the motion, and her time to do so has now expired.

---

[1] Jones paid the required filing fee on August 27, 2024.

## II.    DISCUSSION

### A.    The Nature of Warden Hall's Motion

Warden Hall has titled her motion as a motion to dismiss and/or for summary

judgment. (Dkt. 12). These are different procedural vehicles, but either may be used

to test the sufficiency of a petitioner's claims.

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are

appropriate when the defendant contends that the pleading fails to state a claim upon

which relief can be granted. FED. R. CIV. P. 12(b)(6). To properly state a claim upon

which relief can be granted, the petitioner must allege "a short and plain statement

of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

While "the pleading standard Rule 8 announces does not require detailed

factual allegations, it demands more than labels and conclusions." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)) (cleaned up). In determining whether a pleading meets this standard, "the

factual information to which the court addresses its inquiry is limited to the (1) the

facts set forth in the complaint, (2) documents attached to the complaint, and

(3) matters of which judicial notice may be taken under Federal Rule of Evidence

201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The

Court may not consider other evidence or documents in ruling on a Rule 12(b)(6)

motion. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the petition

4/13

itself must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[N]aked assertions devoid of further factual enhancement will not suffice." *Id.* (cleaned up). If the petition does not include "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly,* 550 U.S. at 570.

On the other hand, summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). When a party relies on evidence outside of the petition to assert its entitlement to dismissal, the motion is properly considered as one for summary judgment. *See Pryor v. Wolfe*, 196 F. App'x 260, 262 (5th Cir. 2006) (per curiam).

When considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). If the moving party satisfies this burden, the

burden shifts to the nonmoving party to point to record evidence that supports a conclusion that genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not avoid summary judgment by relying on the allegations or denials in pleadings or on unsubstantiated assertions. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the nonmoving party fails to show that disputed issues of fact exist as to every element essential to the case on which she bears the burden of proof, summary judgment may be granted in favor of the moving party. *See Celotex*, 477 U.S. at 322-23.

In this case, Warden Hall seeks relief under either Rule 12(b)(6) or Rule 56. Because Warden Hall's motion relies, at least in part, on the authenticated documents she attached it, the Court will consider her motion as one for summary judgment under Rule 56.

**B.   Jones's Detainer Claim is Unexhausted**

Warden Hall asserts in her motion that Jones exhausted the administrative remedies available to her through the BOP as to her claim for FSA credits. However, the documents attached to Warden Hall's motion show that Jones did not exhaust her administrative remedies as to her claim based on the handling and application of the state-court detainer. The detainer claim is subject to dismissal based on lack of exhaustion.

6/13

The law is well settled that a prisoner must exhaust all available administrative remedies before challenging the administration of her sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion doctrine requires the prisoner to "fairly present all of [her] claims" through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. State of La.*, 816 F.2d 220, 228 (5th Cir. 1987). Claims raised in a federal habeas petition that were not raised in the administrative remedy process have not been "fairly presented" and so are unexhausted. *See, e.g., Picard v. Conner,* 404 U.S. 270, 275-77 (1971) (for a claim to be "fairly presented" for purposes of exhaustion, the petitioner must have presented the same facts and legal theories in the administrative proceedings as are raised in the current petition); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (when the "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"). When a prisoner fails to exhaust her available administrative remedies before filing a federal habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

Relevant to a claim for credit for time served in another prison, the BOP provides a four-step administrative remedy process through which prisoners can

7/13

present a complaint. *See* 28 C.F.R. §§542.10–542.18.[2] In the first step, the prisoner

presents the issue to staff at the facility where she is housed using a BP-8 form, and

staff attempts to informally resolve the issue. *See* 28 C.F.R. § 542.13(a). If the issue

is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file

a formal Administrative Remedy Request with the warden using a BP-9 form. *See*

28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the warden's response,

the third step requires the prisoner to appeal to the Regional Director within 20 days

of the warden's response by submitting a BP-10 form. *See* 28 C.F.R. § 542.15(a).

If the prisoner is not satisfied with the Regional Director's response, the final step

requires the prisoner to appeal within 30 days of that response to the Office of

General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. The appeal to the

Office of General Counsel is the final administrative appeal provided by the BOP.

*Id.*

The evidence provided by Warden Hall shows that Jones did not exhaust her

administrative remedies as to her claim based on the application of time under her

state-court detainer before she filed her habeas petition. Jones submitted a BP-9

Administrative Remedy Request to officials at FPC Bryan on March 19, 2024. (Dkt.

---

[2]Warden Hall also provided documentation concerning the administrative remedy process in an affidavit from FPC Bryan Case Management Coordinator Tanya Smith attached to her motion. (Dkt. 12-1, pp. 9-10).

12-1, p. 26).  In that request, she asked BOP officials to process her conditional release paperwork "as required by law." (*Id.*).  She also requested that BOP officials compute her FSA and Second Chance Act credits properly, although she did not identify any specific error in her accrued credits.  (*Id.*).  She did not say anything about a state-court detainer or ask for any relief based on that detainer. (*Id.*). Prison officials responded that her FSA credits had been properly calculated and would be updated if she continued to meet all requirements.  (*Id.* at 25).  They declined to process her conditional release paperwork at that time.  (*Id.*).

Jones filed a timely BP-10 Regional Administrative Remedy Appeal on April 18, 2024.  (*Id.* at 29).  In that appeal, she alleged that her FSA credits were not properly calculated and she questioned how she could have "two different dates" of conditional pre-release.  (*Id.*).  She again did not identify any specific error in the calculation of her FSA credits, and she did not say anything about a state-court detainer or ask for any relief based on that detainer.  (*Id.*).  The Regional Director responded to the appeal, explaining the number of FSA credits Jones had earned and how they worked with her jail credits and other earned time credits.  (*Id.* at 28).

Jones filed a timely BP-11 Central Office Administrative Remedy Appeal on June 11, 2024.  (*Id.* at 32).  In that appeal, she stated that she was 16 months from her FSA conditional release date, that the applicable law requires that the paperwork for halfway house placement be submitted 18 to 24 months before the conditional

release date, and she asked that her placement paperwork be signed and submitted. (*Id.*). She did not identify any error in her FSA earned credit calculations, and she did not mention anything about a state-court detainer. (*Id.*). The National Appeals Administrator responded that Jones did not yet have FSA credits toward release to a halfway house, that she was earning FSA credits toward her release, and that her placement would be reviewed again in December 2024. (*Id.* at 31).

While Jones arguably presented her claim concerning her FSA credits in these administrative proceedings, the documents show that Jones did not "fairly present" any claim concerning the application of the state-court detainer to either her federal or state sentences at any point during the administrative remedy process. Jones did not respond to Warden Hall's motion, and she has not met her burden to show that there are factual disputes material to the issue of whether she properly and fully exhausted her available administrative remedies concerning any issue arising from the state-court detainer. By failing to present the issue of the detainer to BOP officials, Jones failed to satisfy the exhaustion requirement as to this claim. Her petition seeking relief based on this state-court detainer is subject to dismissal for lack of exhaustion.

### C.   Jones Fails to State a Claim for Relief in Either Claim

Even if Jones had exhausted her claim arising from the state-court detainer, the Court would deny that claim, as well as her FSA credit claim, because she fails

10/13

to show that disputed issues of fact exist concerning her entitlement to relief.

A § 2241 petition, like the one Jones has filed here, is used to attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail on such a petition, the petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But "conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam); *see also Abram v. McConnell*, 3 F.4th 783, 787 & n.11 (5th Cir. 2021) ("conclusory statements . . . are insufficient, even for a *pro se* litigant") (quoting *Madrigal v. Currie*, 582 F. App'x 417, 418 (5th Cir. 2014) (per curiam)).

Jones's petition does not contain any factual allegations to support a claim that her sentence is being administered in violation of the Constitution or the laws of the United States. She does not identify what she believes the BOP has done wrong in calculating her FSA credits or how it has failed to follow controlling law, and her allegation that the state-court detainer is being mishandled does not identify any violation of any law or explain how Jones believes it should be applied. Her conclusory allegation that the BOP has not handled these two issues correctly, without any explanation of what the alleged error is or how she has been harmed, fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678

11/13

(for a pleading to state a claim upon which relief can be granted, the plaintiff "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Further, Warden Hall has offered summary judgment evidence showing that Jones's sentence has been determined in accordance with all applicable laws and regulations. (Dkt. 12-1). Jones has neither offered any evidence showing that a genuine dispute of material fact exists nor articulated how the evidence supports her claims of a constitutional error. Jones has therefore failed to carry her burden at summary judgment. Warden Hall's motion for summary judgment is granted, and Jones's petition is denied.

## III.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent Hall's motion to dismiss and/or for summary judgment, (Dkt. 12), is **GRANTED**.

2. Jones's petition and amended petition, (Dkts. 1, 6), are **DISMISSED with prejudice**.

3. Any pending motions are **DENIED as moot**.

4. Final judgment will be separately entered.

5. No certificate of appealability will issue from this decision. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010) ("[A] COA is not required to

12/13

appeal the denial of a § 2241 petition." (quoting *Pack*, 218 F.3d at 451 n.3)).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____Jan 30_____, 2025.


_____

DAVID HITTNER
UNITED STATES DISTRICT JUDGE